■        In the Matter of PATRICK J. LEDDY, Respondent, v. THOMAS F. McCOY, as Administrator of the Judicial Conference of the State of New York, Appellant. — Appeal from a judgment of the Supreme Court, entered November 9, 1973 in New York County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to overturn a determination of the Administrative Board of the Judicial Conference. Petitioner began work for the Supreme Court, First Judicial District, in 1956 as a court attendant. He became an assistant Special Deputy Clerk in 1958 and, after being admitted to the Bar, was promoted to Library Clerk in 1961. As such, he spent approximately 75% of his time assisting the Justices by preparing oral and written reports on matters of law. The remainder of his work day was expended on matters of library administration such as indexing and ordering books. Pursuant to the 1966 reclassification plan promulgated by the Administrative Board of the Judicial Conference, petitioner's title, Library Clerk, was not converted into the new scheme of titles. Rather, it was earmarked with an asterisk to indicate that when vacated it would be reviewed for reclassification or elimination. Petitioner protested this action contending that his mixed duties of law research and library administration warranted either reclassification as Law Assistant II, an existing title under the new structure, or "Librarian-Law Assistant", a nonexisting title under the new structure which would thus have required amending the structure. The Administrative Board affirmed its original decision to classify petitioner as Library Clerk but formally recognized the hybrid nature of his duties by evaluating them as those of a "Librarian-Law Assistant". The instant proceeding in which petitioner seeks reclassification as a Law Assistant II then ensued. Special Term directed a hearing before a special referee to determine whether petitioner's duties were "in-title". The referee found that the Board of Justices, which formerly controlled personnel administration in the library where petitioner worked, had the authority to define petitioner's duties as Library Clerk and that such Board of Justices, in fact, had required respondent "to spend 75% of his time doing law assistants' work". Based solely on this decision, Special Term found that law research was within the Library Clerk title and, accordingly, ordered the Administrative Board to reclassify petitioner as a Law Assistant II. The Administrative Board's decision to convert petitioner's title to Library Clerk* rather than Law Assistant II may be upset only if it is deemed arbitrary (Matter of Byrne v. McCoy, 29 N Y 2d 440). Even assuming that petitioner's legal research activity was within his preclassification title of Library Clerk, the board, on the instant record, could reasonably refuse to reclassify him as a Law Assistant II. No title in the new structure encompasses both the legal and library work performed by petitioner. This indicates that the Administrative Board, as a matter of personnel policy, wishes employees specially trained for legal research to confine their efforts to such work. It was, therefore, reasonable for the board to refuse to create a new title of "Librarian-Law Assistant" requested by petitioner in the event his application for the Law Assistant II title was denied. The board instead classified him as Library Clerk*, indicating that no appropriate new structure title exists. Apparently, when petitioner vacates the position, it will be eliminated. Thus, the title assigned to him accurately reflects his duties. Since his library duties clearly exceed the Law Assistant II specifications (see Matter of Byrne v. McCoy, supra; Matter of Strahl v. McCoy,

37 A D 2d 667) and the title assigned him clearly reflects his work accurately, he has no right to the title requested (*Matter of Jones* v. *McCoy*, 44 A D 2d 742). Judgment reversed, on the law and the facts, and petition dismissed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.